**Mohammad Javaid ABDULRAFI, Petitioner—Appellant,**

v.

**Bill LOCKYER, Respondent—Appellee.**

**No. 04–15828.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 13, 2005.

Decided Feb. 1, 2005.

---

* Hon. Charles R. Weiner, Senior U.S. District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Alexandra McClure, FPDCA—Federal Public Defender's Office, San Francisco, CA, for Petitioner–Appellant.

Violet M. Lee, AGCA—Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: BRIGHT,* TASHIMA, and CALLAHAN, Circuit Judges.

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

## MEMORANDUM **

Mohammad Javaid Abdulrafi appeals from the judgment of the district court denying his petition for a writ of habeas corpus. He contends that he was deprived of the effective assistance of counsel at his state court trial and sentencing for lewd and lascivious acts on a child under the age of 14.

While this appeal was pending, Abdulrafi made three motions seeking to supplement the record on appeal. We denied the first two motions because they sought to add to the record documents which were not before the district court. We now grant, however, Abdulrafi's third motion to supplement the record because the subject of that motion, Abdulrafi's state court petition for habeas corpus, should arguably have been included by respondent as part of the state court record under Rule 5, Rules Governing § 2254 Cases in the U.S. Dist. Courts. We now remand the case to the district court to allow it to reconsider its denial of Abdulrafi's petition in light of this new evidence.

In his first two motions to supplement the record, Abdulrafi offered newly-discovered evidence regarding Abdulrafi's trial counsel, Bramlett Hamilton. This evidence indicates that, some time after Abdulrafi's trial, Hamilton murdered his mother, but was found not guilty by reason of insanity, and diagnosed with paranoid schizophrenia.[1]

The subject of the third motion to supplement the record was Abdulrafi's April 28, 2000, habeas corpus petition to the

1. Our denial of Abdulrafi's first and second motions to supplement the record was expressly without prejudice to our consideration of this evidence in connection with Abdulrafi's argument that the case should be remanded to the district court for reconsideration in light of the newly-discovered evidence.

California Court of Appeal. Abdulrafi argues that the pleading, which was erroneously omitted from the state court record before the district court, shows that a request for an evidentiary hearing was made in state court. This request, it is argued, is directly relevant to the district court's determination that Abdulrafi was not entitled to a federal court evidentiary hearing because he had not diligently sought to develop the factual record in state court.

In light of this new evidence, the judgment of the district court denying Abdulrafi's petition for a writ of habeas corpus is vacated and the case remanded for such further proceedings as the district court deems necessary and appropriate. Needless to say, we express no opinion on the merits of the case.

VACATED and REMANDED.